for defendant City of San Jose. I'm sorry, are you representing Mr. Fisher or Mr. San Jose? Right. Okay. And you're the appellant. Would the appellant please come forward, whomever that is? Yes, he was forward. Okay. All right. May it please the court. Good morning, Your Honor. My name is Cliff Greenberg. I do represent the City of San Jose. Defendant in this case, appellant on appeal. In this case, the court is undoubtedly familiar with the facts of the operation and the situation that took place in San Jose several years ago, so I won't go through that. The point I want to make on appeal is simply that a jury determined that the police, in this case, acted reasonably throughout the entire operation in terms of... We had plenty of time to call for a telephone warrant. They did. Nobody bothered to do that, even though the exigency seemed to diffuse at about, was it 6 in the morning or something like that? Well, you've gone right to the issue, Your Honor. Did the exigency evaporate or did it, at least from facts looked at most favorable to the defendant because of the jury verdict, did the exigency continue? That's not the question, is it? I think it is. Well, I think that's one of the questions. My understanding is that there's two elements here. One is that there be an exigency. Correct. But the other is that there isn't time to get a warrant. The cases do not specifically say that if you have time to get a warrant and don't, that you are in violation of the first amendment. I thought they said that very specifically, actually. That there were cases in which they recognized that there was definitely an exigency. Somebody's in the house with a gun, that there is an opportunity to get a warrant. And the time is certainly a factor, as this Court said in a number of cases, Sarkazian from the Ninth Circuit specifically, but not dispositive. It is not a dispositive factor simply to say that since you had time to get a warrant and didn't, you violated the fourth amendment. United States v. Good. Exigent circumstances alone, however, are insufficient, as the government must also show that a warrant could not have been obtained in time. It's hard to be more specific than that. Well, I Well, how was the jury instructed? The jury was instructed without objection that the defense needed to show that there was probable cause, exigent circumstances, and it had a whole jury instruction on what exigent circumstances said, and I don't have that instruction in front of me, but it did have a time element in it. It said necessarily exigent circumstances assumes that there was insufficient time to get a warrant. I believe it said almost those exact words. All right. They were also instructed on, I saw, I looked at the instructions, and I think 417B, exhibiting a firearm, also criminal threats or along those lines. Does it matter in this case when the person, and they were also instructed on when a reasonable person would think they weren't free to leave? Absolutely. What an arrest is. I guess in the court granting the 50B motion, the court found that the person wasn't under arrest until they came out of the house, correct? The court did not specifically address that issue. Okay. The court simply said as... Well, once you're under arrest, if once a reasonable person thinks they're not free to leave, does the requirement to get a warrant still go on? Of course not. Well, I guess what I'm having a hard time with, if you're in your house, and the police come, and they're trying to talk to you, and you point giving all inferences to the defendants here, because, well, the appellants here, because you got the verdict. All inferences in favor of the verdict. There's a witness that testifies that Mr. Fisher pointed a gun at two officers, and that threatened, said, okay, well, you can come in, but I'll kill you if you come in, or whatever. And then there's 60 officers, there's a whole bunch of officers out there. Yes. Who in their right mind would ever think they were free to go? I agree with your honor. I agree that the jury could reasonably have found that this individual was not free to go as of approximately six in the morning, or maybe even before that. Well, I'm wondering, after you point a gun at a police officer, would you ever think that you could go home from that? And that they were surrounding your house? If your honor's... If you found that, if the jury had found that, and that he was under arrest at that point, would the law that they were instructed with, would they still even be looking at the evidence in terms of whether they had to get a warrant? Sure. They still would have had to determine at the time of the arrest, and they were instructed to find when that time was. They were instructed that, as your honor said, that an arrest occurs when you're not free to leave, or a reasonable person wouldn't feel free to leave. At the time of the arrest, they still had to determine whether there was probable cause and exigent circumstances. Very clearly, they were required to decide that. And under that theory of the facts, which is one of my alternate theories of why the jury verdicts is supported by substantial evidence, under the court's theory, whether it is the courts or not, we don't know, but the proposed scenario where an arrest took place early on when he was not free to leave, the court, the jury necessarily determined that at the point of whenever that arrest arose, there were sufficient exigent circumstances to excuse the necessity of getting a warrant. And if that took place early on, then the whole rest of the time period is really meaningless for purposes of analysis. I guess I was also interested in the same issue as Judge Callahan, and my question, we have the Hodori opinion. I'm sorry, I didn't. Hodori? Yeah. Which seems to say, but it's not in the context of a house. Correct. That the arrest only occurs at the time of the submission to authority, which in this instance presumably would be when the guy came outside. Now, how would you? Well, I remember that. Just hold on a second. Do you have a explanation as to whether Hodori applies here? And if not, why not? I think it does not. I think it applies to situations outside of the house where a person is running away from the police. And it looked at when that person was under arrest for purposes of those circumstances. All the cases that deal with a person in a house and police surrounding of that house talk about a different rule. And I understand that those rules sound different, but I think they apply in different circumstances. But the result, of course, is that from the city's point of view or the police's point of view, it moves up the time at which they have to have probable cause. Yes, it does. It means that if they had come there and and surrounded the house because they heard something happened, but they didn't actually know if anything was happening. But as time went on, they learned that it really was happening. They would be presumably restricted to the original time with a variable with regard to when they needed to have probable cause. Almost. It's not do that all the time in a coercive fashion. Correct. Before the police can say, come out with your hands up or we'll shoot or pointing guns. Yes, they must have the necessary probable cause to believe that a crime had been committed. Plus, of course, the exit. So then the next question, which is really an interesting one, which I don't think there's a lot because there's no case like this one that I know is not is whether assuming that the arrest occurred. And I would say on this thesis, it wasn't 630. It was almost as soon as they got there. Then are they just home free at that point as far as the warrant requirement is concerned, even though they're standing there and they have plenty of time to get a warrant, they still can just stand there. Well, once under that supposition, they have ordered the man to maybe even use the words you're under arrest. Come out. We have you surrounded. We have guns pointed at you. So the question then becomes, he doesn't come out. And what happens? I believe under circumstances similar to this case, as long as the police are in good faith, trying to gain possession of the man, they are doing something to enforce the arrest. Then, yes, a warrant is not necessary. Nothing has changed. If they could have gotten him out by force at the moment, she said they didn't have time at the beginning and they have time now. That's the main thing that's changed. Exigency, which allows them to arrest the person and force him out has not changed. What difference does it make to the police who may at a certain time forcibly remove someone from the house? What difference does it make that an hour has gone by and he's been they've been back to where we started from? Right. Which is that United States versus good. And the other cases seem to say that, you know, leaving aside this technical question of when the arrest occurred, that there are two elements with regard to exigency. So if so, so the interesting scenario here is what if you had the exigency and the time problem at the time you first asserted the arrest, but as time went on, you still had the exigency, but you didn't have the inability to get the warrant. Well, I understand the difficulty in the theories because, you know, we've struggled with this case for many years now. And that's why I go back to the point that a jury listened for six days to evidence and determined under instructions that were. Well, they were the instructions were agreed upon. So no one can. Well, it was did anyone is there any objective instruction that someone says once you're under arrest that then you have to look at the time to see whether exigency continued? Was the jury asked to look at that? It doesn't say that specifically, but it's it seems fairly obvious from the instructions that they were required to determine at the time of the arrest whether an exigency had occurred or wasn't. Well, I agree. I saw the instructions say that. But let's just say I think that the arrest happened pretty early after you pointed out at pointed a gun at two officers and threatened them and that and their police officers outside your house. I I think most people know that it's a crime to point guns at police officers and that you can't. And when they're standing out there, you're not going to get to go home. OK, but let's say I think that that's when a reasonable person would think that they're arrest was were there instructions that required the jury at that point to then to continue evaluate exigent circumstances only in the sense that they were required to determine at the point of the arrest whether exigent circumstances existed. They were not then looked at. But if the jury thought that that's when the arrest happened, that that's when the arrest happened and they thought that and that happened pretty early and they thought up to that time that there were exigent circumstances. Was you know, is whether any other instructions that required them to do more in the next period of time and I don't think they were then required to evaluate whether the further passage of time from that point had any effect on the exigency involved. OK, well, can that be interjected into the equation now if the jury instructions that were given were I mean, essentially, this is a civil case, right? Civil case. Civil case. If you agree to instructions, even if the law is wrong, let's say that the law is wrong. Maybe they should have been given an instruction to that effect, but they weren't. Can we put that can we say that the jury wasn't supported? Their verdict wasn't supported by substantial evidence? I don't know. I think if you actually determine that you might even have to send the case back for a jury for that issue since no determination was made. If you decide that the law requires a further analysis, I don't see how you can examine the jury verdict and determine whether it's valid or not. Well, but if the jury did what they were told to do and that's what they were told what the law is and their verdict is supported by substantial evidence. I think we win. We're wrong. Well, I guess the argument is that any objection or addition to the law that should have been given to the jury was waived by the plaintiff if that's the situation. The district court, as I understand it, really didn't address this problem because you never said when the arrest occurred. I believe that's correct. I'm reading the instructions as we're sitting here and I'm not sure exactly what they say about this time lapse problem. They can probably be read the way you're suggesting, but I'm not certain because it doesn't really address the problem directly. It was a difficult issue that, I mean, frankly, wasn't even in the complaint and the issue of failure to have a warrant was not even in the complaint. I briefed the factual underpinnings of that aspect in my brief, but I didn't raise it as an issue because I figured the court probably had a lot of discretion to allow it to go forward. Just in context of this whole situation, it was an issue that arose late in the case. It's not an easy issue and it's not one that you can just point to one law and say, hey, there it is. They needed a warrant or they didn't. The instruction that was given to the jury says it is the location of the arrested person, not the arresting agents, that determines the location of the arrest. When a person emerges from his home and only because of police coercion, it is constructive entry and is considered an arrest within the home. So it appears that the jury was essentially being instructed under Hodori that the arrest occurred at the time that he emerged. It does sound that way from that reading. And if that's so, then it appears that on the same theory that Judge Callahan has been even if that's wrong, that's how it went to the jury. So that's really our problem. How do we sort out between what went to the jury and what the law would be in the abstract? I believe there was another instruction that talked about that was the place of the arrest. If I'm remembering correctly, another instruction that talked about the time of arrest, when an arrest takes place, when a person feels not free to leave, I believe. There's that. I found that. There is another one. So I think that is what the Court may focus on in this case. Okay. Do you want to reserve some time? Sure. Okay. Thank you very much. It's a very useful argument. Thank you. Good morning, Your Honor. Donald Kilmer for Mr. Fisher. Your Honor, the judgment that's on appeal in this case entered an order that all the practical course in the form of training manuals to, based upon what happened in this case, they were specifically required to be trained as to what's required for an exigent circumstances arrest and including the fact that they must be able to show that they were not able to obtain a warrant, even if there are telephone warrants available. But this originally, it's sort of the gravamen of all of this had to be that I think that your client got, I think, got shot with some sort of Yeah. And there was excessive force and those, the jury all went towards the defendant. So then on this 50B, it comes back with $1 and essentially the judge saying, I think you need training and you should have gotten a warrant. Yes, Your Honor. The only part of the verdict that was overturned was the warrantless arrest. Everything else went to the defendants and based on the record, rightfully so. But the problem we have here is that there was a complete absence of evidence throughout this entire trial that anybody thought about a warrant, except I think there's a footnote in Judge Trumbull's order on the 50B motion that Mr. Fisher was yelling about a warrant, telling the police, get me a warrant and I'll come out. But we have to indulge all favorable, all inferences on the record, favorable to the defendants here. The fact of the matter is, is that Lieutenant Luca, there was a part in the reply brief by the city in which they're trying to, I think their footnote one, where they're trying to explain why Lieutenant Luca was talking to the press and telling them that the most important thing going on right now is the football game. Now, we found that fact to be incredulous and we presented it at trial. We presented it at trial because we thought, how is it possible if there's an exigency going on when the police think the most important thing going on is the football game? I see the attempt to, I'm sorry, go ahead. But the problem here is that if Lieutenant Luca had time to talk to the press, why wasn't he talking to a judge? But wait a minute. We were in a more abstract conversation than the one that you're dealing with right now. And that is, when did the arrest occur and does that matter? It does matter, Your Honor. And the arrest occurred when Mr. Fisher was driven out of the house at two o'clock in the afternoon. Do you think that's a good rule? I think it is, Your Honor. Why? What about the more usual situation or a situation in which we want to know whether or not police come and are trying to arrest somebody? And usually the question is going to be whether there was probable cause. And on your thesis, we wouldn't have to have probable cause then. We'd only have to have probable cause when he comes out two days later. No, no, no. The probable cause to arrest probably does go on forever. It's the exigency that doesn't go on forever, Your Honor. I'm, when was the arrest, though? The arrest occurred when Mr. Fisher was driven out of the house. All right. So if the arrest didn't occur until then, then the police didn't have to have probable cause until then. Is that not true? I believe they had probable cause the entire time. But I'm talking in theory, okay? Or if the arrest doesn't occur in a circumstance like this until the person comes out of the house, then that is the point at which the police have to have probable cause not earlier. So if they lay siege to somebody for two days, and they only develop the probable cause in the meanwhile, until he comes out of the house, as long as they have probable cause when he comes out of the house, it's fine. Is that what you're saying? I guess I'm not understanding the question, Your Honor, because it is the exigent circumstances and the time that are linked, not probable cause and time. Well, why not? You don't have to have probable cause to arrest somebody until you arrest them. No, you have to have probable cause all the time in order to conduct a warrantless arrest, Your Honor. That's right. That's the first element. The second element would be exigent circumstances. If the arrest doesn't occur until they come out of the house, then that's when you need the probable cause. Am I missing something here? That's correct, Your Honor. Therefore, if you come to somebody's house, surround them with guns and tell them to come out, but they don't, you don't have to have probable cause at that point. You only have probable cause when they actually come out. Maybe you have to have it both times. Well, you have to have probable cause and exigent circumstances at all times. But the part, but the third element that's missing in this case is the inability to secure a warrant. And that, and the reason the Rule 50B motion was granted is because there is no evidence presented. We have the case, for instance. Well, what if I thought the arrest was when they first showed up and pointed the gun at him and said, come out? You mean the jury thought that the arrest occurred then? Yeah, because they were instructed as to Part 17B and also criminal threats. And there was evidence of that within, what, an hour when the police got there? I mean, pretty... And I would concede the point, Your Honor, I think as I did in my brief, that if the arrest had occurred then, if they had gone in and physically taken Mr. Fisher out or driven him from the house at that point in time, we wouldn't be here. Well, but the problem, I think one of the things that the, well, that the appellant defendants here argue is that then, you know, what I see as a tension here is the police are saying, we want to manage our crises. And I see the judge saying, I want to armchair manage this. And I want to tell you at what point it's not exigent anymore, even though you think that it is. And that's really what's going on. And the police are saying, on the other hand, if you said, okay, we'll go in and grab him right then when you have, maybe more people would get hurt, either the police officers or the person in the house. Because the facts here in this case, it seems to indicate that, I mean, if you take most favorable facts for the person getting the verdict, is he was drunk, all right? And over a period of time, maybe he got less drunk and maybe then he became more compliant. I mean, he didn't get, he did get shot with a sage gun. But fortunately, he's still alive. And fortunately, no police officers would get hurt. Do we really want to have a rule where we say, at the moment you have probable cause, then you need to go storm that residence, pull him out, whether it's safe for the officers or the person in the house? I don't think so. No, Your Honor. What we have to have is we have to have evidence on the record from one of the police officers that the reason that we did not call a judge is because we were managing the crisis. We were trying to secure the perimeter. We had every single officer tied up with ensuring the public safety or trying to contain Mr. Fisher. There was no evidence presented on that. I think you have a relatively simple case, even on the record, despite the jury verdict, if the arrest occurred, you know, pretty far into the seat, because there was time. And the jury, if the jury found there wasn't, it just seems that there just wasn't evidence to support that.  Whether we could have, whether there is or could be a rule that says, as Judge Thompson suggests, either that the arrest occurred at both times or the arrest was going on the whole time, or something to that effect, such that the long time period triggered an obligation to get a warrant, even if the arrest occurred originally. Your Honor, the case closest on point in this circuit is the Al-Azawi case, where there was a determination made that an arrest had occurred in the home once the police had surrounded it and threatened to use force and drove the person out. But in that case, the person was driven out immediately. Right. Submitted to the authority of the police. Do we have any cases out there, you know, I mean, I was actually a little bit surprised. I didn't know that, you know, I'd never really heard of cases where people got warrants on the stand-up, stand-up, whatever you call them, when they're surrounding the house. Do we have any cases out, anything more than that case? Well, Al-Azawi was not a stand-off case, but it looks like it could have been turned into one at some point. No, Your Honor, I'm not aware of any case that there is one on stand-off. This is pretty cutting edge in the sense that if you say that, you know, because I read in the newspaper all the time that they're having stand-offs, or you hear it on the news, or this, that, and the other. And usually the people don't come out right away. So essentially, it would stand, it could stand for the proposition that once, let's say if we decided that the arrest, or the probable cause in the arrest occurred when they point, when your client pointed the gun at the police officers, then all the period of time after that, potentially, then they have to go get a warrant. That's, I think that's obviously what the judge felt here and, but we don't. Well, the problem we're dealing with, Your Honor, is we keep using this language about, you know, that you're not free to leave. That's, that's language from transitory stops or transitory arrests. We're talking about a residential arrest. Nobody's going to believe that they're free to leave when they're already in their home. They're not, they're already home. I think you had mentioned that, you know, nobody's going to believe they're going to get to go home after this. He's already home. I certainly wouldn't think so if that, I had done that and the police were around my house. All right. But, but the, but the point here is that, uh, and I don't know if it's in the record now, but there, the police department does have a training manual dealing with barricaded suspects. Maybe this is cutting edge, but it's cutting edge with a precedent already. And that's this. If the police are going to have to retrain themselves on these situations, they have to take into account. And in whatever case law there is, um, on these sorts of standards, and there are certainly some, the warrant has just doesn't seem to come up. You can't really tell whether they had a warrant. Um, and that's why it wasn't an issue or they didn't have a warrant and nobody raised it. It's just not the issue. The issue was, was there probable cause or, or, or excessive force or something, but the warrant isn't the issue, um, in the cases that I'm aware of. So we can't tell whether this is done or not done. I, I, well, but the point is, is that the fourth amendment requires it to be done. If the police are going to engage in these sieges against people's homes, one of the steps that they should take once things have calmed down, if this idea of, uh, the arrest has already occurred is to say, then he, uh, you know, is there time to get a warrant? That would, that ought to be in their decision tree. That wasn't, it was, it was as if the police were completely clueless that there was a fourth amendment in this case. I just want to explain that one would have to sort of look at the arrest, and this is not implausible, it's possible, as a continuing event. As something that, um, you know, occurred when they arrived, but as long as they're standing out there, there's still an arrest going on. Well, I, the problem with it, I understand what you're, what you're driving at, Your Honor, but the problem is this. Are the police then entitled to just go ahead and set a sign in Mr. Fisher's front yard, call it city jail, and say, we really don't have to take him into custody, he's under arrest, and we're just going to stay here and surround him forever? That can't happen. Well, that's what I'm saying. The arrest occurs when he's... So what is the limit? What theory would, I'm just looking for one coherent theory. That accounts for, for my concern that we, at least I would be uncomfortable saying that, that at the point this all started, there wasn't an arrest, because if we say that, then there doesn't have to be probable cause at that point, and that doesn't seem right to me. I see, I see. So you're looking for the, the starting point and the end point, Your Honor. I think the end point is when evidence is produced that the police were unable to obtain a warrant. We can't have a bright line rule that one hour, two hours, four hours, or eight hours works, because these are exigent circumstances. What we're doing is we're letting the police officer substitute his judgment for a judgment of a neutral and detached magistrate. On the 50B motion, though, for the court to grant that, it would have to be as a matter of law that there is no way that the jury could have found exigent, you know, but, and, so as a, so essentially to sustain the 50B granting, it would have to be under these facts, as a matter of law, exigent circumstances could not have continued. No, Your Honor. I think that the granting of the 50B has to be that on these facts that the exigent. Well, there's no evidence to support the verdict. That there was exigent, that the exigency was not the cause for the police being unable to obtain a warrant. That's the finding that the judge made. Your Honor, if the police had gotten up. What? All, every single officer. But is there another theory that the jury could have found on these facts that under the instructions that they were given, is there a theory that the jury, that would support the jury verdict? I mean, I think that's what a 50B is. Yes, Your Honor. For instance, if there were facts in the record that the police said, we tried to call a judge, but every one of our cell phone batteries were dead, then I wouldn't be here. If they said we couldn't get a hold of the judge, I wouldn't be here. If they said every one of the 60 officers were tied up in keeping Mr. Fisher contained, we wouldn't be here. The fact of the matter is, is there were plenty of officers, and there was an availability of telephone warrants, and the police were clueless as to that procedure. That's the reason that the judge found that there was liability here. Now, Mr. Fisher is not a very compelling or reassuring character, okay? But that's not what we're here. We're here. We don't see Mr. Fisher, so we don't, we're not. I understand that. Yeah. But the fact is, is that's why she awarded a dollar. He's not entitled to anything. The jury went, didn't go his way. But in this instance, the police were clueless as to the warrant requirement, and they need the retraining, and they need to be told how to do this. What's interesting is, they're already under an order. Was the jury told that there was a warrant requirement? Of course. Okay. And under these facts, the jury didn't think that they had to get a warrant. So is there any, you know, I mean, let's say, so the jury sees it differently than the judge. Does that make the jury wrong? No, Your Honor. I mean, we're struggling with all of this. It's not an issue of the judge disagreeing with the jury. It's an issue of there were no, there was no evidence presented. The jury instruction, the big difference between these two cases is on page nine of my brief, I lay out exactly what the judge's jury instruction was. On page 20 of the appellant's brief, they keep talking about exigent circumstances and probable cause, but it's a three-part test. Probable cause, exigent circumstances, and an inability to secure a warrant. They have to make that showing. If they produce no evidence, then they lose. If they produce some evidence, a scintilla of evidence, even unreliable or incredulous evidence, then the jury verdict has to stand. In this case, there was no evidence. Even in the cases in this circuit, Manfredi and Good were cases in which the court did find that a warrant was excused. I wouldn't agree with you that there would have to be, that someone would have to get up there and testify saying, I didn't, there was not one person that had time to do that. I think what the jury has to look at is they see the progression of how the day went, and then they cut off the power. They throw in the, I don't know what, the flashbangs or whatever they do, and they do all of that, and then there's other negotiating going on, and then at some point, your client says, I'll come out without any clothes because, you know, I want you to know that I don't have any weapons. Why couldn't a jury look at that and say, hey, I think that there was enough going on that they had enough to worry about, and I think that they should have been focused on the house and everyone's safety, that I'm convinced, and also there was sort of a progressive force that went on, I mean, as to the, up to the sage gun and all of that. Why couldn't a jury just look at that and say, well, I have all of those facts. I don't think they needed to get a warrant based on the law that you gave me. The problem with that, Your Honor, is then that kind of negates the whole purpose of a Rule 50 motion altogether, is that juries can believe whatever they want, and we're not entitled to question their reasoning of the case or their interpretation of the facts. Isn't the biggest reason that there was specific evidence that some police left there and went back to the office and wrote reports up? And so there were people who, all of the 60 people were not there the whole time. There was a shift change. And so there were people who were actually at the scene originally, went back to the office and certainly had time at that point, because they might have been on the scene, to have sought a warrant. Correct, Your Honor. There was a shift change. There was, again, Lieutenant Luca talking to the newspaper reporters and the television reporters. But just to continue your angst about my problem, I understand all of that, but I don't understand how that plays out if we think the arrest occurred earlier and why the arrest doesn't occur. And where we would get a rule, would we just be making it up from scratch? Is there any support for the proposition that the obligation to obtain the warrant continues if he does not submit, even if the arrest occurred earlier? That's what I'm trying to understand. It seems logical to me, but I just don't know where the support is. Well, the support is in the cases of Manfredi and Good, because that's the check. But there are no cases with this time delay problem. There are no cases that I know of dealing with these long siege periods, in which arguably there was an arrest at the beginning, but plenty of time to get the warrant before he actually comes out. There's no case like that. Well, Your Honor, I think that's why there has to be some instruction, perhaps from this court, and it's also implied in Judge Trumbull's order, that there has to be instruction on the police. When does an arrest occur? Would be included in, why don't you have time to go get a warrant? That's going to have to be in their decision tree from now on. Well, but does that come about by a 50-B, or does that just, you know, it didn't go to the jury that way. You know, as judges, it's, you know, we decide the issues that are presented before us. But, you know, our job isn't to tell people how to do their jobs unless the legal issue is right front and center, and I'm not sure it was so front and center to the jury in this case. Your Honor, that's the whole purpose of the Fourth Amendment and the warrant requirement. When the police go to a judge, the judge is telling them how to do their job. Do you have probable cause? Do you have, is there sufficient evidence here to invade this person's home in violation of the Fourth Amendment? That's what judicial oversight is all about. And when the police say, I'm going to take it upon myself to decide I don't need a warrant here, they better come back later and say, I was unable to go to the judge for that oversight. That's what this case is about. But they were, on your theory of the case, at the time they first invaded his home, right? At the time they first invaded his home, you would agree that they were unable to go to get the warrant. I made that concession, Your Honor, because the facts as they existed at that time was there was only three or four officers on the scene. So then what? So then, so at the time they first invaded his home, they couldn't get a warrant, and they didn't get a warrant, and his home is now invaded. Okay. So you're asking us to say, nonetheless, after that, while they, and I'm not saying this is wrong, I just want to know where we get it from and what the theory is, they continue to invade his home. And you would have to be saying that while they were continuing to invade his home, at some point they had an obligation to get a warrant. Well, because then we're talking then, Your Honor, about police-created exigencies at that point. And if we live in a state of perpetual exigency based on the war on terror or the threat level or the color of the threat level that we're on, we can have exigencies that go on forever. And if that's true, fine. But the exigency has to be the cause of the reason you didn't go talk to a judge. It's the cause and effect relationship between I can't go talk to a judge because of the exigency. There's no evidence. Mr. Thompson had a question, please. Yeah. I was looking at your page nine and the instruction that was given at the jury, the last sentence about, furthermore, the presence of exigent circumstances necessarily implies that there is insufficient time to obtain a warrant. Therefore, the defendants must show that a warrant could not have been obtained in time, notwithstanding the exigent circumstances. The defendants had to show that a warrant could not have been obtained. And then they have the word in time, whatever that means. So it seems that if the jury says a warrant could have been obtained, notwithstanding the exigent circumstances, a warrant could have been obtained, then they should have found the way the magistrate did on the 50B motion, the way he ruled. In other words, if they had time to get the warrant and they didn't get it, notwithstanding the exigent circumstances, then they should be liable because they violated the warrant requirement. And I think that's what this instruction at page nine says. I agree, Your Honor, but I think it goes further than that. The Rule 50 adds the element of, did the city, because they have the burden of going forward on this, produce any evidence? And the trial record is completely blank on that. Now, if they didn't and the jury found, nonetheless, that that had happened, that would tend to validate the 50B motion, it seems to me. Is that correct? I'm not sure I understand the question, Your Honor. Well, we're wondering what the jury might have found. The jury might have found that there was not enough time to go get a warrant. But the evidence seems to show that there was plenty of time to go get a warrant. And the question is, well, yes, but was that before 2.30 in the morning or 6 o'clock in the morning or before 2.30 in the afternoon? Your Honor, I don't think it's a question of a difference of opinion on how long it takes, because if that's the case, then I'd probably lose this matter. But the point here is that the burden was on the city to produce some evidence that they could not obtain a warrant. And there was no testimony, no evidence given by any of the officers that they tried to get a warrant, that they couldn't get a warrant, that they couldn't get a hold of a judge, or that they tried to make a phone call and it didn't happen. And the result of that failure of proof is what? Is a Rule 50B motion. Thank you very much, Counselor. We'll give you a few extra minutes as your counsel has the rest of the day. I just wanted to address one point, a point of theory raised by Your Honor, how to have a uniform theory of analysis of such a situation if the arrest took place early on. And my suggestion is that the Fourth Amendment, of course, still applies, and it applies in the following way. Any seizure must be reasonable. It's not an issue of whether a warrant was necessary. I contend that if the arrest took place early, causing an exigency inability to get a warrant, a warrant is therefore not needed. However, officers still must execute it reasonably. That's sort of a technical and I want to say acute, but it's not really what I mean. It's sort of a technically appealing point, but it seems to ignore all the practicalities. I mean, the fact is that we want to, if possible, we want to hear the magistrate's view on whether or not the person should be arrested. All right? This person was sort of half arrested in a way. I mean, he was there. I mean, in a probable cause sense, it seems to me he was arrested, but he hadn't come up out and hadn't submitted to authority. And the police could have gone away. And if they had gone to the police and to the magistrate and the magistrate said, you know what, I don't think there is probable cause. They just would have gone away. The guy never would have come out and that would have been the end of the story and the rest of it wouldn't have happened, which might not have been such a bad idea. So for us to say, well, but fine, you know, because you surrounded him at that point, nothing else that happened later matters, seems like a strange way to proceed. I agree, as far as I know, there is no precedent on this problem. I'm not saying that it doesn't matter. Let's assume that the man had shot someone. OK, so he's not just drunk and wandering around and making threats. He shot someone. And the police at that moment say, buddy, you are under arrest. Come out with your hands up. The rest of the scenario is police tactics to finish that arrest. As the judge was saying, do we really want a magistrate to be intervening, saying, well, if you take him out this way or if you wait until then, it would be OK. But if you did it now, it wouldn't be. That is all police tactics after an arrest has already occurred. It must be opposed, for example. And in this case is a marginal maybe. We don't I don't know. But suppose there was a real issue as to whether there have been probable cause to begin with. OK. And suppose that after the fact, we would look at and say, yeah, there was probable cause. But what you really want is a magistrate's determination. And at the beginning, there was no opportunity to get that. But meanwhile, they're standing out there for hours with 60 people and people going back to the office. And there's perfectly good time to get the magistrate to you. And before the thing continues and before the real confrontation occurs, when the guy comes out of the house, which is what happened here and when we ended up with a shooting and so on, may have been killed at the end. Sorry, what? And someone may get killed. That's right. All right. So if there was time and there was it appears to me there was time to ask the magistrate whether or not we should be staying there, whether we should be leaving because there's no probable cause. Why is the fact that there was an exigency at the beginning, the end of the story? Well, I guess it all plays into the totality of circumstances. If, as the court suggests, the probable cause is weak, the police are now taking a very risk in continuing this and probably should go get a warrant to avoid that risk. But if the probable cause, if it's a shooting, this may be somewhere in between. But we don't usually cut things that way. I mean, we have a hard and fast rule that says you have to go get a magistrate's decision. Even if you have a really, really terrific probable cause, you still have to get a warrant. And I mean, I appreciate your thoughtfulness about this. But it seems to me that you're saying that it wouldn't be a bad idea, suggest that maybe it wouldn't be a bad idea to have the rule, everything turn on what was true at the time of the beginning exigency instead of how long it continued. It's a strange way to look at it. I think each case turns on its own circumstances. And as the court pointed out, we've had a lot of trouble finding circumstances in case law that are on all fours with this. And in this particular circumstance, because of the way this played out, I believe and the officers believe clearly that they didn't have to go get a warrant. No one, it's true, no one discussed it because they didn't think they needed to, because they've been involved in many, many different hostage, barricade situations, and no one had ever suggested you needed it. Well, what was the argument in the case that got the magistrate on? I mean, how was the case argued to the jury? Was it argued that... I don't remember. Well, because what I'm hearing is that there was no, that the police side of the case did not put on evidence about after, you know, after they cut the power and all of that. There wasn't discussion about could anyone have gone or anything along those lines. No evidence was put on. They were my clients. I didn't put on the evidence because I knew what they would say. They didn't think about it. They didn't think they needed a warrant. They didn't talk about it. Okay. Thank you very much. Thank both counsel for a useful argument and really interesting case. Thank you very much. The case of Fisher v. San Jose is submitted. And the last case of the morning is Envision Media Service v. Lerner.
judges: Thompson, Berzon, Callahan